**EXHIBIT "A"**

Case 1:13-cv-12198-WGY   Document 1-3   Filed 09/05/13   Page 1 of 12

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
JUL 23 2013
CLERK

SUPERIOR COURT DEPARTMENT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO. 13-_____

13-3320 D

ANTONIO C. LOPES, Individually and on
Behalf of all Class Action Plaintiffs
    *Plaintiffs*,

v.

PAULA L. WRIGHT, Individually, and
D & P ASSOCIATES, LLC,
    *Defendants*

**COMPLAINT**
**(With Request for Class Action)**

## INTRODUCTION

The plaintiff and others are hourly paid employees who are now employed by D & P Associates, LLC. They were not paid:

a. Overtime wages;

b. For or even provided for 30 minutes of meal time for every six hours work;

c. For vacations;

d. Medical Insurance premiums;

e. For travel time even though they were required to punch in at McDonald's on the Mass. Turnpike; and

f. For mileage.

At times the plaintiff was required to work 48 hours straight without sleep and to do construction services at residences of management personnel of D & P Associates, LLC.

These are all violations of Massachusetts and federal statutes.

## COUNT I

### *(Accounting)*

1. The plaintiff, Antonio C. Lopes, resides in Boston, Suffolk County, Massachusetts.

2. The defendant, Paula L. Wright, individually, and as she is co-manager of the defendant, D & P Associates, LLC, a Massachusetts limited liability company, both having offices at 281 Willis Road, Sudbury, Middlesex County, Massachusetts.

3. The plaintiff has been working for the defendants over 5 years.

4. In violation of numerous statutes, such as, but not limited to: The Fair Labor Standards Act ("FLSA"), 29 U.S.C., Sections 201, et seq; M.G.L. Chapter 151, Sections 1A, 1B and 19; and the overtime provisions of 29 U.S.C. 207.

The plaintiff was not paid for:

a. Overtime wages;

b. For or even provided for 30 minutes of meal time for every six hours work;

c. For vacations;

d. Medical Insurance premiums;

e. For travel time even though they were required to punch in at McDonald's on the Mass. Turnpike; and

f. For mileage.

At times the plaintiff was required to work 48 hours straight without sleep and to do construction services at residences of management personnel of D & P Associates, LLC.

These are all violations of Massachusetts statutes.

5. Accordingly, the plaintiff is in need of an accounting so that it can be determined what the amount owed to each is by the defendants.

## COUNT II

*(Breach of Contract and the Covenant of Good Faith and Fair Dealing)*

The plaintiff incorporates by reference and realleges paragraph 1 through 5, inclusive, as if fully set forth herein.

6. By the above-stated actions, the defendants have breached their contracts and the covenants of good faith and fair dealing owed to the plaintiff, who has incurred monetary damages, as above stated, as a direct result thereof

7. Per plaintiff's Damages' Estimate, annexed hereto and marked as Exhibit A, the plaintiff is owed approximately $116,754 plus interest, reasonable attorney's fees and this amount should be trebled.

## COUNT III

*(Declaratory Judgment – G.L. Chapter 231A))*

The plaintiff incorporates by reference and realleges paragraphs 1 through 7 inclusive, as if fully set forth herein.

8. A substantial controversy has arisen between the parties as to the obligations of the defendants to the plaintiff and a declaratory judgment is sought to resolve said controversies.

## COUNT IV

*(Violations of FLSA 29, U.S.C., Sections 201, et seq; 29 U.S.C. 207; and M.G.L. Chapter 151, Sections 1A, 1B and 19)*

The plaintiff and class members incorporate by reference and reallege paragraphs 1 through 8, inclusive, as if fully set forth herein.

9. By the above actions, the defendants have violated FLSA 29, U.S.C., Sections 201, et seq; 29; U.S.C. 207; and M.G.L. Chapter 151, Sections 1A, 1B and 19.

10. Accordingly, the plaintiff, for himself and for class members, is seeking treble damages, interest and reasonable attorney's fees, jointly and severally, from both defendants.

11. The plaintiff has received written authorization from the Massachusetts Attorney General's Office to file this Complaint. .

## COUNT V

### *(Unfair Trade Practices - M.G.L. Chapter 93A)*

The plaintiff and class members incorporate by reference and reallege paragraphs 1 through 11, inclusive, as if fully set forth herein.

12. By the above-stated actions, the defendants, who conduct trade and commerce in Massachusetts, have, jointly and severally and intentionally, committed unfair trade practices in violation of General Laws, Chapter 93A as well as violating rules and regulations and a demand letter was sent to them, a copy of which is annexed hereto and marked as Exhibit B, but, to date, said letter was not replied to in writing and the plaintiff and other class members, have incurred monetary damages as a result of said violations of law.

13. Accordingly, the plaintiff, for himself and other class members, is seeking treble damages, interest, plaintiffs' attorney's fees, jointly and severally, from both of the defendants.

## COUNT VI

### *(Class Action Certification)*

The plaintiff, for himself and other class members, incorporates by reference and realleges paragraphs 1 through 13, inclusive, as if fully set forth herein.

14. The plaintiff brings this action as a class action pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of all hourly paid employees of the defendant, D & P Associates, LLC, during the time period, being January 1, 2007 to date. D & P

4

Associates, LLC, was formerly a d/b/a for the defendant, Paula L. Wright, but she failed to file a Doing Business Certificate with the Town Clerk's Office in Sudbury.

15. Based on information, it is estimated that there are probably 50 or more class members who worked for, and were paid hourly wages by, the defendants during the time period.

16. The plaintiff's claims are typical of the claims of the members of the class. The plaintiffs and all members of the class sustained damages as a result of the wrongful conduct for which the defendants are responsible as described in this complaint.

17. The plaintiff will fairly and adequately protect the interests of the members of the class and he have retained counsel competent and experienced in class action litigation.

18. A class action is superior to other available methods for the fair and effect adjudication of this controversy. The expense and burden of individual litigation makes it impractical for many class members individually to seek redress for the wrongful conduct alleged in this action.

19. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual Members of the Class. Among the questions of law and fact common to the class whether the defendants failed to comply with the wage and hour laws, such as, but not limited to, FLSA 29, U.S.C., Sections 201, et seq; 29; U.S.C. 207; and M.G.L. Chapter 151, Sections 1A, 1B and 19.

20. The plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class Action.

21. Certifying this as a class action would resolve these issues for all potential plaintiffs without the necessity of filing individual lawsuits. Additionally, class certification in this matter would not impose any significant burden upon the Court.

22. In this case, the certification of the class is appropriate where it would not complicate or delay disposition of the case and the defendants would suffer no prejudice as a result of certification and where certification would assure the class members that the defendant would not evade its responsibility in implementing any Court orders.

23. The names and addresses of all class members are available from the defendants and notice will be provided to class members via first-class mail, using techniques and a notice approved by this court.

## PRAYERS FOR RELIEF

WHEREFORE, plaintiff, on his own behalf and on the behalf of others similarly situated (Class Members), pray for judgment as follows:

1. Award to the plaintiff and the Class Members judgment with compensatory damages in an amount which may be proven at trial and actual and statutory damages, which should be trebled, together with prejudgment interest at the maximum rate allowed by law and reasonable attorneys' fees.

2. Award to the plaintiff and to all Class Members treble damages, interest and reasonably attorneys' fees. pursuant to M.G.L. Chapter 93A.

3. Award to the plaintiff and all Class Members their costs and expenses incurred in this action, including reasonable attorney, accountant and expert fees.

4. Enter a declaratory judgment stating that the defendants have violated wage and hour laws, both state and federal.

5. Award to plaintiff and to all Class Members such other and further relief as this court may deem meet, just and proper.

                                                ANTONIO C. LOPES, Individually and
                                                and on Behalf of all Class Members, Plaintiff

                                                By his Attorney

                                                _____
                                                Evans J. Carter, Esq., pro se (BBO# 076560)
                                                EVANS J. CARTER, P.C.
                                                860 Worcester Road, Second Floor
                                                Post Office Box 812
                                                Framingham, MA  01701
                                                T:  (508) 875-1669
                                                F:  (508) 875-1449
                                                ejcatty1@verison.net

DATED:   July 23, 2013

7

## DAMAGES' ESTIMATE
### (Single Damages)

### Antonio C. Lopes

1. **Overtime pay (10/07 to date) at 20 hours per week.**

   1,040 overtime hours per year x 5.5 years = 5,720 hours
   5,720 hours x $18 per hour .................................. $ 102,960.00

2. **Meals, 30 Minutes Per Day.**

   150 minutes per week x 4.3 weeks per month = 645 minutes per month
   x 66 months = 42,570 minutes ÷ 60 = 709.5 hours at $12 per our ............ 8,514.00

3. **Vacations.**

   Figure 10 per year x 5.5 years
   8 hours x 12 per year = $96 per day x 10 = 960 per year x 5.5 ............. 5,280.00

   **Approximate Total**  **$ 116,754.00**



\\STATION2\Data\CARTER\LOPES\DAMAGES ESTIMATE_A.Lopes.wpd

# EVANS J. CARTER, P.C.
Law Offices
Post Office Box 812
Framingham, MA 01701
Telephone: (508) 875-1669
Telefax: (508) 875-1449

E-Mail: ejcatty1@Verizon.net
Office: 860 Worcester Road (Rt. 9), 2ND Floor
Framingham, MA 01702

March 15, 2013

Mr. Donald A. Wright, Sr.
Individually and as Co-Manager of
D & P Associates, LLP                        **CERTIFIED MAIL**
281 Willis Road
Sudbury, MA 01776

Ms. Paula L. Wright
Individually and as Co-Manager of
D & P Associates, LLP                        **CERTIFIED MAIL**
281 Willis Road
Sudbury, MA 01776

  Re: Antonio C. Lopes, Jose C. Lopes and Joao Pio
     All of Boston, MA - Maintenance Laborers
     **G.L. Chapter 93A Demand Letter**

Dear Mr. and Ms. Wright:

  Please be advised that I have been retained by the above-named individuals employees of your company to file a class action complaint with Middlesex Superior Court against each of you and your company. The basis of this action is as follows:

1. Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C., Sections 201, et seq.;

2. Violation of M.G.L. Chapter 151, Sections 1A, 1B and 19; and

3. Violation of the overtime provisions of 29 U.S.C. 207.

4. I have been given evidence, with the claims of Antonia C. Lopes, that he has worked for your company since 2007 and as to him, the others above-named as well as all other class action parties, your company has continually:

EXHIBIT B

**EVANS J. CARTER, P.C.**

Mr. Donald A. Wright, Sr.
Ms. Paula L. Wright
Page No. 2
July 19, 2013

      a.    Not paid overtime wages;

      b.    Not paid for or even provided for 30 minutes of meal time for every six hours work;

      c.    Not paid for vacations;

      d.    Not paid medical insurance premiums;

      e.    Not paid for travel time even though they are required to punch in at McDonald's on the Mass. Turnpike;

      f.    Not paid for mileage, and

      g.    Required them to work 48 hours straight without sleep; and

      h.    Required them to do construction services at residences of management.

5.    Also, prior to April 5, 2010, when you formed a limited liability company, you did business as D & P Associates and D & P Associates Maintenance at 28 Willis Road, Sudbury, but you failed to file a doing business certificate with the Sudbury Town Clerk's Office, as required by law.

6.    My forensic accountant reviewed the W-2's your company provided and he feels they may be inaccurate and will require the review of your business records, including the W-2's for each of my clients.

Your Superintendent, Richard Lopes, provided a business record to Antonio C. Lopes, which states "59" hours work with "0" hours for overtime and a weekly wage of $826.00 (nothing for overtime). A copy is of said record enclosed herein.

You have thirty (30) days from your receipt of this demand letter to reply in writing and make a reasonable attempt to resolve these claims.

You are ordered to cease and desist from in any way communicating with my clients as to what is stated in this letter or taking any adverse employment actions against any of them as all communications must be made with me, as their legal counsel, as it involves these claims.

EVANS J. CARTER, P.C.

Mr. Donald A. Wright, Sr.
Ms. Paula L. Wright
Page No. 3
July 19, 2013

I must notify the Massachusetts Attorney General's Office in order to obtain their permission to file a complaint with the Superior Court pursuant to M.G.L. Chapter 149, Section 148.

You should be advised that a violation of G.L. Chapter 93A, for which treble damages, interest, reasonable attorneys' fees may be made and that you have 30 days from your receipt of this letter to resolve these claims.

Should I file a complaint with court, then, in addition to seeking class action certification covering all of your companies' employees except for those that are exempt, I will also see injunctive relief to bar your companies from failing to comply with the law.

I remain

Very truly yours,

EVANS J. CARTER

EJC/aec
Enclosure